**Dismissed and Opinion Filed August 14, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01122-CR

### VICENTE ALEJANDRO PEREZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-62649-N**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Evans

After finding Vicente Alejandro Perez guilty of possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams, the jury assessed punishment at seven years' imprisonment. Sentence was imposed in open court on July 9, 2014. No motion for new trial was filed; therefore, appellant's notice of appeal was due by August 8, 2014. *See* TEX. R. APP. P. 26.2(a)(1). Appellant's notice of appeal is file-stamped August 22, 2014, fourteen days late, and no extension motion was filed in this Court. *See* TEX. R. APP. P. 26.3(a), (b).

Because nothing in the record reflected that the notice of appeal had been mailed on or before August 8, 2014, we directed the parties to file letter briefs addressing our jurisdiction over the appeal. Appellant's counsel filed a letter brief stating she contacted the Dallas County

District Clerk's Office. The records were searched to determine whether the notice of appeal had been mailed and whether an envelope could be located. No envelope could be located and the notice of appeal did not bear any marks to indicate it had been folded for placement in an envelope. Counsel does not dispute that this Court lacks jurisdiction over the appeal. We agree we lack jurisdiction.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of a court over a criminal appeal cannot be "substantially invoked." *See id.* at 525. The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. To invoke the court's jurisdiction, both the notice of appeal and extension motion must be filed within the fifteen-day period provided by rule 26.3; otherwise a court of appeals lacks jurisdiction over an appeal. *See id.* at 522; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

Here, while appellant's notice of appeal was filed within the fifteen-day period provided by rule 26.3, no extension motion was filed in this Court within that same fifteen-day period. Therefore, we have no jurisdiction over the appeal.

We dismiss the appeal for want of jurisdiction.

/David W. Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
141122F.U05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VICENTE ALEJANDRO PEREZ,
Appellant

No. 05-14-01122-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F13-62649-N.
Opinion delivered by Justice Evans, Justices
Fillmore and Myers participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of
jurisdiction.

Judgment entered this 14th day of August, 2015.